IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MILLARD GLEN NICHOLS,

        Petitioner,

v.                                            Civil action no. 1:05cv63
                                             Criminal action no. 1:04cr55
                                             (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

### REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 11, 2005, the *pro se* petitioner, an inmate at FCI Gilmer, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On November 8, 2005, the petitioner filed a Supplemental/Amended Motion under 28 U.S.C. §2255 together with a Memorandum in Support of his Motion. By Order entered on March 13, 2006, the Court ordered the respondent to answer the motion. On May 5, 2006, the respondent filed a Motion to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 U.S.C. §2255. On June 6, 2006, the petitioner filed a Traverse Brief.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On August 26, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to distribution of approximately 3.05 grams of a mixture or substance containing a detectable

amount of cocaine base, also known as "crack," in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).  In the plea agreement, the parities stipulated that the total drug relevant conduct, when converted to marijuana equivalents, was not less than 100 kilograms and not more than 400 kilograms of marijuana.  Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence so long as the Court found that the guideline level, before any credit for "Acceptance of Responsibility," was level 26 or less and did not depart above that guideline.

On September 2, 2004, the petitioner entered his plea in open court.  During the plea hearing, the Government presented the testimony of Sergeant Dave Parks, a member of the Harrison-Lewis Drug Task Force, to establish a factual basis for the plea.  (Plea transcript pp. 29-31)  The petitioner did not contest the factual basis of the plea.  (Id. at 31)

After the Government presented the factual basis for the plea, the petitioner advised the Court that he was guilty of Count 4 of the indictment.  The petitioner further stated under oath that no one had threatened or forced him into the plea.  (Id. at 32)  In addition, he testified that his attorney had adequately represented him and had left nothing undone.  (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that there was a factual basis for the tendered plea.  (Id. 33)

On December 20, 2004, the petitioner appeared before the Court for sentencing.  After considering several factors, including the petitioner's violation of the conditions of his pretrial release, the Court determined that the petitioner should not receive the three level reduction for acceptance of responsibility.  The Court then found that the petitioner's guidelines range was a 24,

with a sentencing range of fifty-one to sixty-three months. The Court then sentenced the petitioner to fifty-one months of incarceration, thirty-six months of supervised release, and a $100.00 special assessment. (Sentencing transcript pp. 47, 66)

B. **Appeal**

The petitioner did not appeal his conviction.

C. **Federal Habeas Corpus**

**Petitioner's Contentions**

The petitioner raises three issues in his Supplemental/Amended Motion under 28 U.S.C. §2255. First, he alleges that the District Court erred when it imposed a sentence using a base offense level of 26, rather than 22, given the quantity of drugs to which he pleaded guilty. In addition, the petitioner alleges that his counsel was ineffective for failing to object to the guideline calculation. Finally, he alleges that the Court erred when it "enhanced" his sentence because of an alleged positive urine test.

**Respondent's Contentions**

The respondent contends that the petitioner waived his right to bring a §2255 petition. Furthermore, the respondent argues that even assuming *arguendo* that petitioner did not waive his right to collaterally attack his sentence, he has failed to make a case for obtaining his requested relief.

D. **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

**A. <u>Waiver</u>**

In <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. <u>Id.</u> The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "<u>United States v. Marin</u>, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); <u>United States v. Attar</u>, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." <u>Id.</u> at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack.[1] Nonetheless, the Fourth Circuit stated that it saw no reason to treat waivers of collateral

---

[1] In <u>Lemaster</u>, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." <u>United States v. Lemaster</u>, 403 F.3d 216, 219 (4th Cir. 2005).

Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." <u>Id.</u>

attack rights different than waivers of direct appeal rights. Id.

The undersigned finds that the petitioner's waiver of his right to collaterally attack his sentence was knowing and voluntary. Thus, the undersigned must determine whether the petitioner's claims fall within the scope of the waiver. Inasmuch as the petitioner alleges ineffective assistance of counsel, that claim falls within the above-mentioned exceptions and is not barred by his waiver of the right to collaterally attack his sentence.

**B. Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), cert. denied, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

## IV. DISCUSSION

### A. Relevant Drug Conduct and Base Offense Level

The petitioner asserts that the District Court erred in sentencing him to a term of imprisonment of 51 months by relying on the Probation Officer's calculation of a Base Offense Level of 26 instead of using a Base Offense Level of 22. Furthermore, the petitioner alleges that his counsel was ineffective for failing to object to this calculation. A review of the record clearly establishes that the petitioner's claims are without merit.

On July 8, 2004, the petitioner was charged in a seven-count indictment with various offenses involving marijuana, cocaine, and cocaine base. As part of his negotiated plea agreement, the petitioner agreed to plead guilty to Count Four of the Indictment which charged him with distributing 3.05 grams of cocaine base, also known as "crack." Were there no further mention of drug quantities in the plea agreement, the petitioner's Base Offense Level would indeed be 22. (Guidelines Manual, §2D1.1 (9)) However, as part of the plea agreement, the petitioner stipulated that his total drug relevant conduct was at least 100 kilograms and not more than 400 kilograms of marijuana. Inasmuch as the Sentencing Guidelines provide a Base Offense Level of 26 for this marijuana equivalency, the Probation Officer properly calculated the petitioner's Base Offense Level as 26 in his Presentence Investigation Report, and likewise, the Court did not err in using this Base Offense level in sentencing. (Guidelines Manual, §2D1.1 (7)).[2]

---

[2]The undersigned also notes that during the plea hearing, the Court carefully reviewed with the petitioner that the maximum statutory penalty which could be imposed by virtue of his plea was a term of imprisonment of not more than twenty years.

Thus, the petitioner is left with nothing more than the bald assertion that his counsel was ineffective. He has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. During the Rule 11 hearing, the petitioner acknowledged that there was a stipulation on relevant drug conduct in the plea agreement, and that this stipulation covered the drug weight for which he was responsible. (Plea Transcript, p. 20) In addition, the petitioner acknowledged that his attorney had discussed the Sentencing Guidelines and the various considerations, including relevant drug conduct, that the guidelines take into consideration. (Id. at 23). In addition, the petitioner acknowledged that he could receive a maximum sentence of twenty years. (Id. at p.19). Finally, the petitioner acknowledged that his attorney had adequately represented him and had left nothing undone that could have been done. (Id. at p. 32). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel with regard to relevant drug conduct and the attendant Base Offense Level is without merit.

**B. "Enhancement" of Sentence**

Petitioner argues that his constitutional rights were violated when the Court "enhanced" his sentence from 27 months to 51 months of incarceration because he tested positive for methamphetamine. He further argues that his counsel was ineffective for failing to object to the "enhancement." Again, the petitioner's claims are without merit.

At the sentencing hearing, the Court found that, because he had violated his bond conditions, the petitioner had not accepted responsibility, and, therefore, was not entitled to a three-level reduction for acceptance of responsibility. (Sentencing Transcript, pg. 47) Contrary to the petitioner's claim that his attorney did not object to this decision by the Court, the transcript clearly reflects that counsel, in fact, argued that his client should receive the three point reduction for acceptance of responsibility. (Id. at pp. 39-41) Furthermore, the Court acknowledged that counsel had argued hard in this regard. (Id. at 48) Therefore, there is absolutely no basis for finding any deficiency on the part of counsel.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), the same is without merit. Blakely, as an extension of Apprendi,[3] holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by the jury. First, it should be noted that the petitioner expressly waived his rights under Blakely as part of his plea agreement, and in response to questions by the Court, specifically acknowledged that he had waived those rights. (Plea Transcript pp. 18, 21). Furthermore, Blakely

---

[3]The United States Supreme Court held in Apprendi that any factor other than prior convictions which increased the defendant's sentence beyond the statutory maximum must be submitted to the jury. Apprendi v. New Jersey, 530 U.S. 466 (2000).

does not apply in this instance. The Court did not enhance the petitioner's sentence, but rather, refused to reduce his sentence because the petitioner had violated the conditions of his pretrial release. Accordingly, the Court found that the petitioner had not accepted responsibility for his crime, and therefore, was not entitled to a three-level reduction under §3E1.1 of the United States Sentencing Guidelines.

In Booker, the Supreme Court issued a two part decision. In the first part, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[4] Therefore, the petitioner is not entitled to have Booker applied retroactively to his sentence on collateral review.

## V. MISCELLANEOUS MOTIONS

On September 25, 2006, the petitioner filed a Motion to Expedite Proceedings or Set Bond. Inasmuch as the undersigned has concluded that the petitioner's §2255 should be dismissed, the petitioner's Motion to Expedite or Set Bond should be denied.

## VI. RECOMMENDATION

---

[4] The Fourth Circuit decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, in conformity with nine circuit courts of appeals that have considered the issue.

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's motion to dismiss, **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's §2255 motion, and **DENYING** the petitioner's Motion to Expedite Proceedings or Set Bond.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: March 9, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE